UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION


UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:14-cr-1-FtM-29DNF

THOMAS JAY TREWORGY
_____

                         **OPINION AND ORDER**

    This matter comes before the Court on the Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. #82) and the Amended Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. #86) relating to defendant Thomas Jay Treworgy.  Defendant filed a Response (Doc. #83) to the original motion on March 10, 2016.

    The Court finds that defendant's assistance does qualify as substantial assistance under Fed. R. Crim. P. 35(b) and 18 U.S.C. § 3553(e), and therefore defendant qualifies for a reduction in sentence.  In determining the extent of the Rule 35(b) reduction, the court considers: (1) the usefulness of the defendant's assistance; (2) the truthfulness and completeness of the defendant's information and testimony; (3) the nature and extent of the defendant's assistance; (4) any injury suffered or risk of injury or danger to the defendant and his family as a result of his assistance; (5) the timeliness of the assistance; and (6) any

other factor which relates to the assistance provided by the defendant.  <u>United States v. Livesay</u>, 525 F.3d 1081, 1092 (11th Cir. 2008) (addressing substantial assistance under the Sentencing Guidelines).  The assistance described by both the government and the defense seems relatively humble when compared to the four level reduction requested, and the almost fifty percent reduction urged by defendant.  Nonetheless, the Court will grant a four level reduction as set forth below.

   The Court granted a variance at the original sentence, and the 120 month sentence was effectively near the top of the range for Offense Level 30, Criminal History Category I.  The Court will grant a 4 level reduction, which results in an Offense Level 26 and a range of 63 to 78 months imprisonment.  The Court finds that a sentence of 78 months imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a) after considering defendant's substantial assistance in addition to the previously considered advisory recommendation of the Sentencing Guidelines and all the factors identified at 18 U.S.C. § 3553(a)(1)-(7).  All other components of the previously imposed sentence (Doc. #70) shall remain as imposed.

   Accordingly, it is now

   **ORDERED:**

1. The Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. #82) is **DENIED AS MOOT.**

2. The Amended Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. #86) is **GRANTED** as set forth above.

3. The Clerk of the Court shall enter an amended judgment reducing the sentence imposed to 78 months imprisonment as to the above-named defendant, and otherwise leaving all other components of the sentence as imposed in the previously entered judgment.

**DONE AND ORDERED** at Fort Myers, Florida this   17th   day of May, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

U.S. Probation
U.S. Marshal
DCCD

Southeast Regional Office
Federal Bureau of Prisons
3800 Camp Creek Parkway, Bldg. 2000
Atlanta, GA 30331